IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| THOMAS STRAIGHT, | ) | Cause No. CV 11-60-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| WARDEN MAHONEY; | ) | |
| ATTORNEY GENERAL OF THE | ) | |
| STATE OF MONTANA, | ) | |
| | ) | |

On April 19, 2011, Petitioner Thomas Straight submitted a request for extension of the federal statute of limitations under 28 U.S.C. § 2244(d). That request was denied for lack of authority on May 5, 2011, and Straight was given an opportunity to file a petition for writ of habeas corpus. He did so on May 17, 2011. On the same day, he was ordered to show cause why his petition should not be dismissed with prejudice as untimely. He responded on June 7, 2011.

**I. Background**

In 2006, Straight was convicted of exploitation of an older person in Flathead County, Montana. He was sentenced to serve ten years, with eight suspended. Pet. (doc. 3) at 4 ¶ 15A. He discharged his two-year prison term on April 28, 2008.

1

Compl. (doc. 2) at 7, Straight v. Montana, No. CV 10-40-M-DWM-JCL (D. Mont. Apr. 23, 2010).[1] Allegedly because he could not obtain admission to a counseling program, he was taken back into custody in Yellowstone County on April 6, 2009, and transferred to Flathead County. On June 25, 2009, his suspended term was revoked, and he was returned to prison for the full, previously-suspended eight-year term. Pet. at 2 ¶¶ 1-4; Compl. at 9, Straight, No. CV 10-40-M; CONWeb, https://app.mt.gov/conweb (accessed May 17, 2011).

Straight now contends that the imposition of both probation and a suspended sentence constituted double jeopardy. He also seems to complain that he did not receive credit for time served and that counsel failed to file a notice of appeal. Pet. at 4 ¶ 15A; Compl. at 7-8, Straight, No. CV 10-40-M; Resp. to Order (doc. 5) at 2.

## II. Federal Statute of Limitations

Straight's petition for writ of habeas corpus had to be filed within one year of the date his revocation became final. 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). That occurred when his time to file a notice of appeal to the Montana Supreme Court expired, sixty days after the entry of judgment in the trial court, that is, on August 25, 2009. Mont. R. App. P. 4(5)(b)(i); Chaker v.

---

[1] A court may take judicial notice of its own records. Rand v. Rowland, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2

Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005).  His petition should have been filed on or before August 25, 2010.  He filed his petition on May 17, 2011, Pet. at 6 Decl. ¶ C; Woodford v. Garceau, 538 U.S. 202, 208 ("a habeas suit begins with the filing of an application for habeas corpus relief"), nearly nine months too late.

Consequently, Straight was given an opportunity to show cause why his federal petition should not be dismissed with prejudice as time-barred.  He was told he might show that the Court's analysis was incorrect and his petition was timely, or that he has been pursuing his rights diligently, but some extraordinary circumstance stood in his way and prevented timely filing, Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2563 (2010).  Order to Show Cause (doc. 4) at 3-4.

Straight responded that his public defender, Sean Hinchey, abandoned him by failing to appeal the revocation of his suspended sentence.  But, according to his own allegations, Straight asked Hinchey to appeal and yet, as of at least March 31, 2010, he had heard nothing at all from him. Letter (Straight to Judge, rec'd Mar. 31, 2010) (doc. 2-1 at 8), Straight, No. CV 10-40-M (D. Mont. Apr. 23, 2010).[2]  As a consequence, on April 23, 2010, Straight filed a civil rights complaint, naming Hinchey and others as defendants, in this Court.  On April 30, 2010, he was expressly

---

[2] The Court takes judicial notice of its own records. Rand v. Rowland, 154 F.3d 952, 961 (9th Cir. 1998) (en banc); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

3

advised by this Court:

> The only way Straight can challenge his conviction in federal court is with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk of Court will be directed to provide Straight with the appropriate forms for filing a federal habeas petition. Straight is advised that there is a one-year federal statute of limitations for filing a federal habeas petition. See 28 U.S.C. § 2244(d).

Recommendation and Order (doc. 4) at 4, Straight, Cause No. CV 10-40-M (D. Mont. dismissed and judgment entered April 30, 2010). Straight was provided with habeas forms. See Docket Entry No. 4. And the Recommendation and Order set forth 28 U.S.C. § 2244(d), in its entirety, in a footnote. It is impossible to avoid the conclusion that Straight knew, as of early May 2010 at the very latest, that he faced a one-year federal habeas limitations period.

Further, on August 26, 2010, Straight was told by a state public defender who reviewed his file:

> I don't have any information that indicates your intent to file a direct appeal of your revocation.
> . . .
> If you believe that you have grounds for filing a Petition for Post Conviction Relief you can submit your petition to the district court. The court will order the county attorney to respond and upon reviewing their response the court will determine if your petition contains sufficient merit to require a hearing. If so, the court will schedule a hearing and will also send my office a new court appointment which directs me to assign counsel to represent you. I will be sure that you receive different counsel and that Mr. Hinchey is not reassigned to represent you any further.

Letter (doc. 5-1 at 9-10).

Instead of responding to this Court's and Mr. Putikka's communications by filing a petition in a court – just as he had previously filed a complaint in this Court – Straight wrote letters to various people. He wrote to Robert Kelleher, who responded on July 22, 2010. Letter (doc. 5-1 at 4). He wrote to the trial court, seeking assistance in preparing papers for filing in federal court, but was told, on October 28, 2010, that it had no authority to do that. Letter (doc. 5-1 at 12). He says he wrote several other letters. Resp. to Order at 2. Even so, he plainly decided to attempt to obtain representation instead of filing a petition. He did not file any other document in this Court until April 19, 2011 – and that was not a petition. Straight knew in April 2010 that Hinchey was not acting for him, he knew he faced a time limitation, and he had already filed a complaint pro se. He was not diligent, and his circumstances were not extraordinary. Holland, 130 S. Ct. at 2555-59; Spitsyn v. Moore, 345 F.3d 796, 799-802 (9th Cir. 2003). There is no equitable reason to excuse Straight's failure to comply with the federal statute of limitations.

To the extent Straight insists his claim of double jeopardy has not been addressed on the merits, he ignores both the record and the law that has been explained to him. This Court addressed his apparent confusion about probation and suspended sentences in the Order to Show Cause. Mr. Putikka also addressed his

double jeopardy claim in the letter of August 26, 2010. Not all the claims in the federal petition can be decided on the merits, because Straight does not say when he asked Hinchey to appeal or exactly what he said, and because it is not clear what he means by his claim for credit for time served. But Straight's double jeopardy claim – the core of his petition – is patently lacking in merit. See also United States v. Brown, 59 F.3d 102, 105 (9th Cir. 1995) (per curiam) ("Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation."). And Hinchey's alleged abandonment certainly was not the cause of Straight's failure to timely file his federal habeas petition in this Court. Spitsyn, 345 F.3d at 799 (citing Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Straight does not question the correctness of the statute of limitations analysis, and he fails to show grounds for equitable tolling. His petition should be dismissed with prejudice as time-barred.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

6

The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack, 529 U.S. at 484).

Straight does not present enough facts to support an assessment of all of his claims. But the ruling on statute of limitations grounds presents no open questions and nothing on which reasonable jurists could disagree. The law underlying dismissal of this petition is well-established. A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Straight's amended petition (doc. 3) should be DISMISSED WITH PREJUDICE as time-barred.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Straight must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 20th of June, 2011.

       /s/ Jeremiah C. Lynch
      Jeremiah C. Lynch
      United States Magistrate Judge