FILED

AUG 29 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| THOMAS STRAIGHT | ) | CV 11-60-M-DWM-JCL |
| Petitioner, | ) | |
| vs. | ) | ORDER |
| WARDEN MAHONEY;<br>ATTORNEY GENERAL OF THE<br>STATE OF MONTANA | ) | |
| Respondents. | ) | |

Petitioner Thomas Straight filed a petition for writ of habeas corpus. United States Magistrate Judge Jeremiah C. Lynch entered Findings and Recommendation in this case on June 20, 2011. Judge Lynch recommended that Straight's petition be dismissed with prejudice as time-barred. Straight filed nominal objections to the Findings and Recommendation on July 15, 2011.

A party filing such objections is entitled to do novo review of the "specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). A party objecting to the findings or recommendations of a magistrate judge must identify the parts of the magistrate's disposition that the party finds objectionable and present argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result. It is not sufficient for the objecting party to merely repeat arguments already made before the magistrate or discuss issues collateral to the magistrate's findings. See Hagberg v. Astrue, 2009 WL 3386595 at *1 (D. Mont. 2009) ("There is no benefit if the district court[] is required to review the entire matter de novo because the objecting party merely repeats the arguments rejected by the magistrate.").

Straight had to file his petition for writ of habeas corpus within one year of the date his revocation became final. 28 U.S.C. § 2244(d)(1)(A); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The petition should have been filed on or before August 25, 2010. The petition was filed on May 17, 2011.

In his objections, Straight complains that he could not identify where Judge Lynch addressed his concerns about abandonment and double jeopardy. He also complains that he was not provided counsel and that he attempted to timely file his petition. His attempt to timely file does not excuse the late filing because no extraordinary circumstances exist that prevented timely filing. Straight's other objections do not speak to Judge Lynch's findings and recommendation that the

case be dismissed as time-barred.

Upon de novo review, I find no error with Judge Lynch's factual findings or his ultimate legal conclusion. I agree that this action is subject to dismissal as time-barred.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt # 6) are adopted in full. Straight's amended petition (dkt # 3) is DISMISSED WITH PREJUDICE as time-barred.

The Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner.

A certificate of appealability is DENIED

Dated this 29th day of August, 2011.

Donald W. Molloy, District Judge
United States District Court